JENNIE COURTNEY v. R. C. NAGLE.[1]

October 24, 1919.

No. 21,389.

**Work and labor — money received.— verdict not excessive.**
    1. The claim that the damages awarded are so excessive as to indicate that they were given under the influence of passion or prejudice finds no support in the record.

**Verdict sustained by evidence.**
    2. The evidence fairly sustains the verdict rendered.

Action in the district court for Ramsey county to recover $2,350. The facts are stated in the opinion. The case was tried before Dickson, J., and a jury which returned a verdict for $1,000. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*T. R. Kane,* for appellant.

*John J. Kirby,* for respondent.

HOLT, J.

Plaintiff recovered a verdict against defendant, her brother, in the sum of $1,000 for services and for money had and received by him for her use. He appeals from an order denying a new trial.

The verdict is said to be so excessive that it must be held to have been given under the influence of passion or prejudice. Plaintiff claimed that she was residing in California and received letters from defendant urging her to come to St. Paul to act as nurse and housekeeper for him, he having suffered a nervous breakdown, and agreeing to pay her expenses for the trip and reasonable compensation for her work; that she did come at the expense of about $220, and that she acted as nurse and housekeeper for him for 11 months which she says was worth $150 a month. The contention with respect to the money received for her use is that, in a transaction with her father, defendant had received $500 under an agreement to pay the same to her, and also $350 from her brother Ter-

rence under a similar promise. Defendant, while admitting that he had written, requesting plaintiff to come to him, says that later, and before she started, he wrote her not to come, and that when she, this notwithstanding, did arrive, the agreement was made that she and her adopted son might remain with him, but that no compensation should be made for her services beyond furnishing shelter and food for herself and child. He wholly denied having received any money for her use, and asserted that during the three years prior to her coming to him she had received $425 from him.

The issues were clearly defined. The oral testimony given by the litigants cannot be reconciled. One or the other necessarily falsified, and the record indicates that neither held closely to the truth. A sister corroborated defendant to some extent, and a like service was done for plaintiff by a cousin of the parties. The case was peculiarly one for the jury, and this court should not disturb the verdict, approved as it is by the trial court, unless the amount may be said to be so excessive as to clearly indicate that it was given under the influence of passion or prejudice. From defendant's letters the jury could scarcely avoid the conclusion that at the commencement of the action there was due and unpaid from defendant to plaintiff, for money had and received to her use, the sum of $450. The jury could further find, if they believed her story, that he had agreed to pay her expenses to St. Paul and wages; that the expenses amounted to $220; and that the value of her 11 months' services was at least $330. The question whether the jury were actuated by passion or prejudice does not arise, for it cannot be said that the verdict is excessive.

The assignment of error based on the claim that the verdict is not sustained by the evidence needs no discussion, for as above indicated there is testimony which, if believed by the jury, fully warrants one in favor of plaintiff in the amount awarded.

Affirmed.