# JENNIE COURTNEY v. TERENCE NAGLE AND ANOTHER.[1]

## December 10, 1920.

## No. 21,918.

**Fraudulent conveyance.**

Action to set aside as fraudulent a deed from defendant Richard to defendant Terence, executed in July, 1916, and another deed from a stranger to defendant Terence, executed in February, 1919, to have the land conveyed in 1919 conveyed to defendant Richard, and to have the lands sold and the proceeds applied to the payment of plaintiff's judgment of $1,000, recovered against defendant Richard in an action begun in 1918. The trial court made findings and ordered judgment in favor of defendants, on the ground that from the evidence it could not determine whether plaintiff's judgment for $1,000 was based upon her claim existing prior to the deed of July, 1916, or upon her claim for services rendered subsequent to that date. *Held*: The evidence clearly supports the findings and the order for judgment. [Reporter.]

Action in the district court for Ramsey county to set aside as fraudulent a conveyance of land from defendant Richard to defendant Terence, his brother, and to decree that other property conveyed to defendant Terence be conveyed to defendant Richard and then sold, and the proceeds of the sale applied to the payment of plaintiff's judgment against defendant Richard. The case was tried before Michael, J., who made findings and ordered judg-

[1] Reported in 180 N. W. 1023.

ment in favor of defendants. From an order denying her motion for amended findings or for a new trial, plaintiff appealed. Affirmed.

*John J. Kirby*, for appellant.

*Allen & Straight* and *Faricy, McMeekin & Quinn*, for respondents.

PER CURIAM.

The parties to this litigation are brothers and sister. The defendant Richard C. Nagle was, on July 11, 1916, the owner of the five lots described in the complaint. He executed a deed in the usual form conveying the same to the defendant Terence W. Nagle. This deed bears date and purports to have been signed, witnessed and acknowledged on July 11, 1916. The consideration therein expressed was one dollar. The deed was not recorded until February 7, 1919.

On January 28, 1919, the defendant Terrence W. Nagle purchased from one Michael Horrigan a tract of land situated in Dakota county, consisting of 160 acres. A deed of that date was duly executed by Horrigan and recorded in the office of the register of deeds on February 6, 1919.

Appellant brought an action against the respondent Richard C. Nagle in July, 1918, to recover on two counts, amounting to something like $3,000, one for money had and received in the sum of $875, prior to July 11, 1916, and one for services as housekeeper, rendered subsequent to such date. In this action plaintiff recovered a verdict for $1,000. An appeal was taken and the case affirmed. Courtney v. Nagle, 144 Minn. 65, 174 N. W. 436. Judgment was thereafter entered, execution issued and returned wholly unsatisfied.

The present action was brought to have the conveyance of the lots above referred to declared fraudulent and void, the said Dakota land ordered conveyed to the defendant Richard C. Nagle upon the theory that it was purchased with his money, all of said property sold as provided by law, and the proceeds thereof applied to the payment of plaintiff's judgment. The cause was tried to the court, findings were made and judgment ordered in favor of the defendants upon both issues. From an order denying appellant's motion for amended findings or for a new trial, she appealed.

Under the assignments of error, the only question here for consideration is whether the findings of the trial court and order for judgment are justified by the evidence.

As the trial court stated in its memorandum, we are unable to determine from the evidence whether the plaintiff's judgment for $1,000 is based upon her claim existing before the conveyance of July 11, 1916, or upon her claim for services rendered subsequent to that date. We have examined the testimony with care and are unable to see how the trial court could find other-

wise than it did upon both issues. The evidence in our opinion not only justifies but clearly supports the findings and order for judgment.

Affirmed.